1    **GRIFFITH & THORNBURGH, LLP**
Attorneys and Counselors
2    8 East Figueroa Street, Suite 300
Santa Barbara, CA 93101
3    Telephone: 805-965-5131
Telecopier: 805-965-6751
4
Joseph M. Sholder, Bar No. 126347    sholder@g-tlaw.com
5    Felicita A Torres, Bar No. 298630    torres@g-tlaw.com

6    **LYNN PINKER COX & HURST, LLP**
2100 Ross Avenue, Suite 2700
7    Dallas, TX 75201
Phone: (214) 981-3800
8    Fax: (214) 981-3839

9    Edward Jason Dennis    jdennis@lynnllp.com
Samuel B. Hardy    shardy@lynnllp.com
10

11    Attorneys for Plaintiff, Corporate Recovery Associates, LLC, Liquidating Trustee
under Confirmed Chapter 11 Liquidating Plan
12

13                **UNITED STATES BANKRUPTCY COURT**

14                **CENTRAL DISTRICT OF CALIFORNIA**

15                        **NORTHERN DIVISION**

16

| | |
|---|---|
| 17   In re | ) BK No. 9:16-bk-11912-DS |
| 18   CHANNEL TECHNOLOGIES, LLC, | ) Chapter 7 |
| 19               DEBTOR. | ) Adv. No. |
| 20   ─────────────────────── | ) COMPLAINT TO: (1) AVOID AND RECOVER UNAUTHORIZED POST-PETITION TRANSFERS PURSUANT TO 11 U.S.C. § 549(a); (2) AVOID AND RECOVER FRAUDULENT TRANSFERS PURSUANT TO 11 U.S.C. §544(b)(1) and CAL.CIV.CODE 3439.05 |
| 21   CORPORATE RECOVERY ASSOCIATES, LLC, as Liquidating Trustee appointed under the confirmed Chapter 11 Plan of Channel Technologies Group, LLC., | ) |
| 22 | ) |
| 23 | ) |
| 24               Plaintiff, | ) |
| 25   vs. | ) HEARING TO BE SET |
| 26   GRANT THORNTON, LLP, | ) |
| 27               Defendant. | ) |
| 28 | |

- 1 -

Plaintiff and Liquidating Trustee, Corporate Recovery Associates, LLC, alleges as follows:

## JURISDICTION AND VENUE

1.     This court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. § 1334 and 28 U.S.C. § 157(b)(2)(A), (H) and (O).

2.     Debtor, Channel Technologies Group, LLC, ("CTG") filed a Chapter 11 bankruptcy petition on October 14, 2016 (Case No. 9:16-bk-11912-DS).

3.     This is a core proceeding in the above-referenced Chapter 11 case currently pending before this court.

4.     This court is the proper venue for this adversary proceeding pursuant to 28 U.S.C. § 1409(a).

## THE PARTIES

5.     Plaintiff, Corporate Recovery Associates, LLC ("CRA"), is a California limited liability company and is the Liquidating Trustee duly appointed under the Chapter 11 Liquidating Plan ("Plan") of CTG, which was confirmed by order entered March 2, 2018 ("Confirmation Order").

6.     The Liquidating Trustee was appointed as of the Effective Date of the Plan, April 2, 2018.

7.     Pursuant to the Confirmation Order and the Plan, the Liquidating Trustee was granted requisite standing and authority to prosecute and pursue causes of action held by the Debtor and Debtor's bankruptcy estate.

8.     Defendant, Grant Thornton, LLP is an Illinois limited liability partnership, with its principal place of business in Los Angeles, California.

## GENERAL ALLEGATIONS

9.     CRA is informed and believes, and based thereon alleges, that CTG made multiple post-petition payments to Grant Thornton, as follows:

a)     $3,562.00 on February 8, 2017;

b)     $26,000.00 on March 2, 2017;

- 2 -

c)      $20,800.00 on March 15, 2017;

d)      $20,800 on April 20, 2017; and

e)      $51,220.00 on April 26, 2017.

See Exhibit A attached to the Complaint.

10.    CRA is informed and believes, and based thereon alleges, that Grant Thornton was not, and never has been, employed and authorized to perform services for CTG pursuant to 11 U.S.C. § 327, and to be compensated for such services pursuant to 11 U.S.C. § 330.

11.    CRA is informed and believes, and based thereon alleges, that some, it not all, of the post-petition payments CTG made to Grant Thornton were payments made for services performed for non-debtor, third party entities.

12.    CRA is informed and believes, and based thereon alleges, that Grant Thornton was not, and never has been, authorized either by an order of this Court or any provision of the Bankruptcy Code to receive payment from CTG for services Grant Thornton performed for any non-debtor third party.

**FIRST CLAIM FOR RELIEF – TO AVOID AND RECOVER**

**UNAUTHORIZED POST-PETITION TRANSFERS**

**PURSUANT TO 11 U.S.C. § 549**

13.    CRA incorporates paragraphs 1 through 12 of the complaint by reference.

14.    CRA is informed and believes, and based thereon alleges, that CTG's post-petition payments to Grant Thornton totaling $122,382 were not authorized under any section of the bankruptcy code or any order of this Court.

15.    Grant Thornton was the initial transferee/recipient of the payments.

16.    The unauthorized post-petition payments made by CTG to Grant Thornton are voidable pursuant to 11 U.S.C. § 549(a), and recoverable by the Liquidating Trustee for the benefit of creditors in this case pursuant to 11 U.S.C. § 550(a)(1).

## SECOND CLAIM FOR RELIEF – TO AVOID AND RECOVER FRAUDULENT CONVEYANCE PURSUANT TO 11 U.S.C. §544(b)(1) and CAL. CIV. CODE § 3439.05

17.    CRA incorporates paragraphs 1 through 16 of the complaint by reference.

18.    CRA is informed and believes, and based thereon alleges, that CTG received less than reasonably equivalent value in exchange for any payments made to Grant Thornton that were made for services performed for the benefit of a non-debtor third party.

19.    The Trustee is informed and believes, and based thereon alleges, that CTG was insolvent at the time the post-petition payments to Grant Thornton were made.

20.    There were multiple creditors asserting unsecured claims against the estate of CTG at the time of CTG's transfers to Grant Thornton.  Those creditors are listed in CTG's bankruptcy schedules E/F.

21.    Grant Thornton was the initial transferee/recipient of the payments.

22.    CTG's payments to Grant Thornton are voidable pursuant to 11 U.S.C. § 544(b)(1) and Cal. Civ. Code § 3439.05, and recoverable by the Trustee for the benefit of this estate pursuant to 11 U.S.C. §550(a)(1).

Wherefore, the Trustee prays for a judgment as follows:

A.    On the First and Second Claims for Relief, a judgment avoiding the post-petition payments made by CTG to Grant Thornton, and recovering the payments, or the value of the payments, for the benefit of creditors of this case.

B.    For such other and further relief as this court deems just and proper.

////

////

////

DATED:  April 17th, 2019.

GRIFFITH & THORNBURGH, LLP

By _____

JOSEPH M. SHOLDER,
FELICITA A. TORRES, Attorneys
For Plaintiff Corporate Recovery
Associates, LLC, Liquidating Trustee
under Confirmed Chapter 11 Liquidating Plan

Dated: April     , 2019

LYNN PINKER COX & HURST, LLP

By _____

EDWARD JASON DENNIS,
SAMUEL B. HARDY, Attorneys
For Plaintiff Corporate Recovery
Associates, LLC, Liquidating Trustee
under Confirmed Chapter 11 Liquidating Plan

| Doc | MOR # | Period Covered | | Date | Check # | | |
|-----|-------|----------------|---|------|---------|---|---|
| 222 | 5 | February 1, 2017 - February 28, 2017 | Grant Thornton, LLP | 2/8/2017 | 266 | Tax Preparation | $ 3,562.00 |
| 276 | 6 | March 1, 2017 - March 31, 2017 | Grant Thornton, LLP | 3/2/2017 | 315 | Tax Preparation | $ 26,000.00 |
| 276 | 6 | March 1, 2017 - March 31, 2017 | Grant Thornton, LLP | 3/15/2017 | 345 | Tax Preparation | $ 20,800.00 |
| 315 | 6 | April 1, 2017 - April 30, 2017 | Grant Thornton, LLP | 4/20/2017 | 1041 | Tax Fees | $ 20,800.00 |
| 315 | 6 | April 1, 2017 - April 30, 2017 | Grant Thornton, LLP | 4/26/2017 | 1062 | Tax Fees | $ 51,220.00 |

**EXHIBIT A - PAGE 6**

B104 (FORM 104) (08/07)

| ADVERSARY PROCEEDING COVER SHEET<br>(Instructions on Reverse) | ADVERSARY PROCEEDING NUMBER<br>(Court Use Only) |
|---|---|

| PLAINTIFFS<br>Corporate Recovery Associates, *LLC*, Liquidating Trustee<br>under Confirmed Ch. 11 Liquidating Trust<br>3830 Valley Centre Drive Suite 705-152<br>San Diego, CA 92130 | DEFENDANTS<br>Grant Thornton, LLP<br>171 N. Clark Street, Suite 200<br>Chicago, IL 60601 |
|---|---|
| ATTORNEYS (Firm Name, Address, and Telephone No.)<br>Joseph M. Sholder  #126347  Felicita A. Torres   #298630<br>Griffith & Thornburgh, LLP   (805) 965-5131<br>8 E. Figueroa St  Ste 300<br>Santa Barbara, CA 93101 | ATTORNEYS (If Known) |

| PARTY (Check One Box Only)<br>☐ Debtor   ☐ U.S. Trustee/Bankruptcy Admin<br>☐ Creditor   ☐ Other<br>☒ Trustee | PARTY (Check One Box Only)<br>☐ Debtor   ☒ U.S. Trustee/Bankruptcy Admin<br>☐ Creditor   ☒ Other<br>☐ Trustee |
|---|---|

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)

Complaint to Avoid and Recover Unauthorized Post-Petition Transfer per 11 USC sec. 549(a); Avoid and Recover Fraudulent Transfers per 11 USC 544(b)(1) and Cal.Civ.Code 3439.05.

## NATURE OF SUIT

(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

**FRBP 7001(1) – Recovery of Money/Property**
☐ 11-Recovery of money/property - §542 turnover of property
☐ 12-Recovery of money/property - §547 preference
☒ 13-Recovery of money/property - §548 fraudulent transfer
☒ 14-Recovery of money/property - other

**FRBP 7001(2) – Validity, Priority or Extent of Lien**
☐ 21-Validity, priority or extent of lien or other interest in property

**FRBP 7001(3) – Approval of Sale of Property**
☐ 31-Approval of sale of property of estate and of a co-owner – §363(h)

**FRBP 7001(4) – Objection/Revocation of Discharge**
☐ 41-Objection / revocation of discharge - §727(c),(d),(e)

**FRBP 7001(5) – Revocation of Confirmation**
☐ 51-Revocation of confirmation

**FRBP 7001(6) – Dischargeability**
☐ 66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims
☐ 62-Dischargeability - §523(a)(2), false pretenses, false representation, actual fraud
☐ 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny

**(continued next column)**

**FRBP 7001(6) – Dischargeability (continued)**
☐ 61-Dischargeability - §523(a)(5), domestic support
☐ 68-Dischargeability - §523(a)(6), willful and malicious injury
☐ 63-Dischargeability - §523(a)(8), student loan
☐ 64-Dischargeability - §523(a)(15), divorce or separation obligation (other than domestic support)
☐ 65-Dischargeability - other

**FRBP 7001(7) – Injunctive Relief**
☐ 71-Injunctive relief – imposition of stay
☐ 72-Injunctive relief – other

**FRBP 7001(8) Subordination of Claim or Interest**
☐ 81-Subordination of claim or interest

**FRBP 7001(9) Declaratory Judgment**
☐ 91-Declaratory judgment

**FRBP 7001(10) Determination of Removed Action**
☐ 01-Determination of removed claim or cause

**Other**
☐ SS-SIPA Case – 15 U.S.C. §§78aaa *et.seq*
☒ 02-Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy case)

| ☐ Check if this case involves a substantive issue of state law | ☐ Check if this is asserted to be a class action under FRCP 23 |
|---|---|
| ☐ Check if a jury trial is demanded in complaint | Demand $ 122,382.00 |

Other Relief Sought

American LegalNet, Inc.
www.FormsWorkflow.com

B104 (FORM 104) (08/07), Page 2

| 1.  BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES | | |
|---|---|---|
| NAME OF DEBTOR<br>CHANNEL TECHNOLOGIES, INC. | BANKRUPTCY CASE NO.<br>9:16-BK-12131-DS | |
| DISTRICT IN WHICH CASE IS PENDING<br>Central District of California | DIVISION OFFICE<br>Northern | NAME OF JUDGE<br>Deborah Saltzman |
| **RELATED ADVERSARY PROCEEDING (IF ANY)** | | |
| PLAINTIFF | DEFENDANT | ADVERSARY<br>PROCEEDING NO. |
| DISTRICT IN WHICH ADVERSARY IS PENDING | DIVISION OFFICE | NAME OF JUDGE |
| SIGNATURE OF ATTORNEY (OR PLAINTIFF) | | |
| DATE<br>April 16, 2019 | PRINT NAME OF ATTORNEY (OR PLAINTIFF)<br>Felicita A. Torres | |

## INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also must complete and file Form 104, the Adversary Proceeding Cover Sheet, unless the party files the adversary proceeding electronically through the court's Case Management/Electronic Case Filing system (CM/ECF). (CM/ECF captures the information on Form 104 as part of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs** and **Defendants.** Give the names of the plaintiffs and defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party**. Check the most appropriate box in the first column for the plaintiffs and the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not represented by an attorney, the plaintiff must sign.

American LegalNet, Inc.
www.FormsWorkflow.com