Ian S. Landsberg, Esq. (SBN. 137431)
ian@landsberg-law.com
Lisa K. Skaist, Esq. (SBN: 130806)
lisa@landsberg-law.com
**LANDSBERG LAW, APC**
9300 Wilshire Boulevard, Suite 565
Beverly Hills, California 90212
Telephone: (310) 409-2228
Facsimile: (310) 409-2380

Attorneys for Defendant
Grant Thornton LLP

# UNITED STATES BANKRUPTCY COURT
## CENTRAL DISTRICT OF CALIFORNIA
## NORTHERN DIVISION

| | |
|---|---|
| In re<br><br>CHANNEL TECHNOLOGIES GROUP, LLC,<br><br>Debtor. | Case No. 9:16-bk-11912-DS<br><br>Chapter: 11<br><br>Adv. No.: 9:19-ap-01019-DS |
| CORPORATE RECOVERY ASSOCIATES, LLC, as Trustee for the Liquidating Trust of Channel Technologies Group, LLC,<br><br>Plaintiff,<br>v.<br><br>GRANT THORNTON, LLP,<br><br>Defendant. | **NOTICE OF MOTION AND MOTION TO DISMISS OR STRIKE CLAIMS AGAINST DEFENDANT GRANT THORNTON LLP FOR (1) AVOIDANCE OF POST-PETITION TRANSFERS UNDER 11U.S.C. §549(a); MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>Hearing:<br>Date: June 25, 2019<br>Time: 11:30 a.m.<br>Place: Courtroom 201<br>   United States Bankruptcy Court<br>   1415 State Street<br>   Santa Barbara, California 93101 |

1

**TO THE HONORABLE DEBORAH J. SALTZMAN, UNITED STATES BANKRUPTCY JUDGE, PLAINTIFF AND HIS COUNSEL OF RECORD:**

    **PLEASE TAKE NOTICE** that on June 25, 2019, at 11:30 a.m. in Courtroom 201 of the United States Bankruptcy Court, located at 1415 State Street, Santa Barbara, California 93101, defendant Grant Thornton LLP ("Defendant") will and hereby does move this Court (the "Motion") to dismiss and/or strike the claims against it in the Complaint to Avoid and Recover Unauthorized Post-Petition Transfers Pursuant to 11 U.S.C. §549(a).  The Motion is brought pursuant to Rule 12(b)(6) and 12(f) of the Federal Rules of Civil Procedure ("Rule 12"), made applicable herein by Rule 7012 of the Federal Rules of Bankruptcy Procedure and made on the ground the Plaintiff's first claim for relief seeks to recover on three transfers that are time barred.

    In support of this Motion, the Defendant will rely on these moving papers and exhibits, the attached Memorandum of Points and Authorities, the pleadings and orders on file in this case, and such other evidence and arguments of counsel as may be presented at or before the hearing on the Motion.

    **PLEASE TAKE FURTHER NOTICE** that pursuant to *Stern v. Marshall*, 131 S. Ct. 2594 (2011) and *Executive Benefits Ins. Agency v. Arkison (In re Bellingham Ins. Agency, Inc.)*, 702 F.3d 553 (9th Cir. 2012), the Defendant does not consent to entry of final orders or judgment by the bankruptcy judge in this adversary proceeding, and hereby reserves Defendant's right to withdraw reference of this proceeding.

    **PLEASE TAKE FURTHER NOTICE** that pursuant to Local Bankruptcy Rule 9013-1(f), any party that wishes to oppose the relief requested in the Motion must file not later than 14 days prior to the scheduled hearing date, with the Clerk of the Bankruptcy Court, located at 1415 State Street, Santa Barbara, California 93101, and serve upon Defendant's counsel, located at the address indicated on the upper left corner of the first page of this notice, "[a] complete written statement of all

reasons in opposition thereto ..., declarations and copies of all photographs and documentary evidence on which the responding party intends to rely and any responding memorandum of points and authorities."

**PLEASE TAKE FURTHER NOTICE** that pursuant to Local Bankruptcy Rule 9013-1(h), failure to file and serve a timely response may be deemed consent to the relief requested in the Motion.

**WHEREFORE**, the Defendant respectfully requests the Court to enter an Order:

1. Granting the Motion;

2. Dismissing the First Claim for relief in the Complaint against it and/or striking the time barred portions of the Claim; and

3. Granting such other and further relief as is just and proper in the circumstances.

Dated: May 21, 2019                    **LANDSBERG LAW, APC**

                                        By: _____
                                        Ian S. Landsberg, Esq.
                                        Attorneys for Defendant
                                        Grant Thornton LLP

## MEMORANDUM OF POINTS AND AUTHORITIES

Plaintiff commenced this adversary proceeding to recover "unauthorized" post-petition transfers totaling $122,382 to Defendant pursuant to U.S.C. §549(a). The Complaint lists five (5) post-petition payments allegedly made to Defendant before this action was filed on April 19, 2019: (1) $3,562.00 on February 8, 2017; (2) $26,000 on March 2, 2017; (3) $20,800 on March 15, 2017; (4) $20,800 on April 20, 2017 and (5) $51,220 on April 26, 2017.

The Complaint as to the first three post-petition payments are time barred. Section 549(d) provides that:

**(d)** An action or proceeding under this section may not be commenced after *the earlier* of—

**(1)** two years after the date of the transfer sought to be avoided; or

**(2)** the time the case is closed or dismissed.

(Emphasis added.)

Here, the payments made on February 8, 2017, March 2, 2017 and March 15, 2017 [*See* paragraph 9 of the Complaint] were alleged to have been made more than two years before this action seeking to avoid the transfer was filed.

Counsel for Defendant requested that Plaintiff strike these allegations from its Complaint and amend its complaint. Plaintiff refused.

Accordingly, the first cause of action should be dismissed for failure to state a claim, or, in the alternative, the time barred portions of the claim be stricken.

Dated: May 21, 2019                **LANDSBERG LAW, APC**

By: _____
Ian S. Landsberg, Esq.
Attorneys for Defendant
Grant Thornton LLP

4