Edward Jason Dennis
jdennis@lynnllp.com
Samuel B. Hardy
shardy@lynnllp.com
Christian Orozco
corozco@lynnllp.com
LYNN PINKER COX & HURST, LLP
2100 Ross Avenue, Suite 2700
Dallas, Texas 75201
(214) 981-3800 - Telephone
(214) 981-3839 - Facsimile

Special Litigation Counsel for
Plaintiff

UNITED STATES BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA
NORTHERN DIVISION

| | | |
|---|---|---|
| In re | § | CASE NO. 9:16-BK-11912-DS |
| | § | |
| CHANNEL TECHNOLOGIES GROUP, LLC, | § | Chapter 11 |
| | § | |
| *Debtor.* | § | ADV NO. 9:19-AP-01019-DS |
| | § | |
| CORPORATE RECOVERY ASSOCIATES, LLC, as Trustee for the Liquidating Trust of Channel Technologies Group, LLC, | § § § § § | PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION TO CONSOLIDATE PRETRIAL DISCOVERY IN ADVERSARY CASE NOS. 9:19-AP-01019 AND 9:18-AP-01058 |
| *Plaintiff,* | § | |
| v. | § | |
| GRANT THORNTON, LLP, | § | |
| *Defendant.* | § | |

**PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT GRANT THORNTON'S MOTION TO CONSOLIDATE**

Plaintiff Corporate Recovery Associates, LLC, solely in its capacity as Trustee for the Liquidating Trust of Debtor Channel Technologies Group, LLC ("Plaintiff" or "Trustee") files this response in opposition to Defendant Grant Thornton, LLP's Motion to Consolidate Pretrial Discovery in Adversary Case Nos. 9:19-AP-01019 and 9:18-AP-01058 ("Motion").

## I. INTRODUCTION

Under the guise of judicial efficiency, Defendant frivolously attempts to re-litigate a matter this Court has already ruled upon—i.e., that the post-petition claims asserted against Defendant should proceed in this action separate from the claims in the pre-petition suit. The motion is a delay tactic meant to impede the Court's expeditious resolution of a single inquiry: Did Grant Thornton receive post-petition payments, unauthorized by this Court, from the Debtor for services Grant Thornton performed for third-party entities?

The Court should deny Grant Thornton's motion. Plaintiff's post-petition claims share no issues of law or fact with Plaintiff's pre-petition claims. Moreover, whether the Debtor and other entities were alter ego of each other or shared a unity of interest is irrelevant to the issues in this case. Consolidating this action with the more legally and factually complex fraudulent transfer action will achieve no economic or judicial efficiency, and instead will unnecessarily and indefinitely drag this matter out for many more months. These are the exact same arguments that the Court considered and rejected when Plaintiff moved to sever the post-petition payments and consolidate them in this action, rather than vice-versa. For the same reasons, the Court should reject these same arguments in this Motion.

## II.    RELEVANT BACKGROUND

In *Corporate Recovery Associates, as Trustee for the Liquidating Trust of Channel Technologies Group, LLC v. Blue Wolf Capital Partners, LLC, et al.*, 9:18-AP-01058-DS (the "pre-petition action"), the Trustee has alleged that the Debtor Channel Technologies Group, LLC ("CTG") had third-party entities that dominated CTG's affairs. And this dominance led CTG to pay for third-party vendors, such as Grant Thornton, to benefit entities other than CTG. Initially, in the pre-petition action, the Trustee alleged that CTG improperly transferred payments to Grant Thornton before and after October 14, 2016—the date CTG filed for bankruptcy.

Thereafter, on April 18, 2019, the Trustee filed a separate complaint against Grant Thornton in the above-captioned case, *Corporate Recovery Associates, as Trustee for the Liquidating Trust of Channel Technologies Group, LLC v. Grant Thornton, LLP*, 9:19-AP-01019-DS (the "post-petition action") for recovery of post-petition payments, including several after March 15, 2017.

For efficiency and to avoid confusion, the Trustee then moved to sever the post-petition claims from October 2016 through March 2017 in the pre-petition action and consolidate them with the other post-petition claims in April 2017 in this action. *See* Post-Petition Action, Docket No. 151. After a full round of briefing and a hearing on July 23, 2019, this Court granted Plaintiff's motion to sever all post-petition claims in the pre-petition action and consolidate these newly-severed claims with this action. *See id.*, Docket No. 167.

Now, six months after the Court ordered that the pre- and post-petition claims against Defendant Grant Thornton proceed in separate causes of actions, Defendant has filed the instant motion, effectively requesting this Court to reconsider its prior decision. For several reasons, Defendant's motion should be denied.

### III.    ARGUMENT AND AUTHORITIES

#### A. There are no issues of law or fact common to Plaintiff's pre- and post-petition claims against Grant Thornton.

Defendant's lackluster attempt to manufacture common issues of law and fact relating to the pre- and post-petition claims is conclusory and unsupported by the pleadings in the record or by the law.

Defendant merely claims that "there is an abundance of overlapping common questions of fact," such as "allegations of single business enterprise and unity of interests and ownership raised by Plaintiff, as well as defenses that may be asserted by Grant Thornton. . .." Mot. at 6. This is a blatant mischaracterization of the allegations contained in Plaintiff's First Amended Complaint. *See* Docket No. 10.

Plaintiff's First Amended Complaint **does not raise any issues** of single business enterprise or unity of interests and ownership that the Court would need to resolve in order to determine whether Grant Thornton received unauthorized post-petition payments from the Debtor for services Grant Thornton performed for third-party entities. In fact, the **only** allegation remotely related to a unity of interest or ownership is found in Paragraph 13 of Plaintiff's First Amended

Complaint.[1] This hardly constitutes an "abundance of overlapping common questions of fact."

Moreover, whether the Debtor and other entities were alter egos of each other has no bearing on the limited claims in this action. Again, Defendant makes unsupported arguments that resolution of facts in the pre-petition action will "be at the forefront of the affirmative defenses asserted by Grant Thornton in both Adversary Proceedings." Mot. at 7. But Defendant fails to (1) identify **what** facts specifically will be at the forefront of Grant Thornton's affirmative defenses; (2) which of the 22 stock affirmative defenses asserted by Grant Thornton will be implicated by these supposed facts, *see* Answer, Docket No. 30 at 4–6; and 3) why resolution of Plaintiff's alter ego claim is necessary for the Court to determine whether Grant Thornton received post-petition payments from the Debtor without obtaining authorization from the Court.

Defendant further fails to identify or explain what issue of law is common to Plaintiff's pre- and post-petition claims. Whereas Plaintiff's claims in the pre-petition action relate to claims of fraudulent transfer, which require that Plaintiff demonstrate an actual intent to hinder, delay, or defraud creditors, a claim under 11 U.S.C. § 549(a) merely requires a trustee to prove: (1) a transfer (2) of the estate property (3) that occurred after the commencement of the case (4) that was not authorized by statute or the court. *Fursman, et al. v. Ulrich (In re First Protection,*

---

[1] "CTG had alter egos. These alter egos utilized CTG's funds to pay for services for the benefit of other third-party entities—including Grant Thornton—and not CTG. Before the Trustee's appointment, not only did third parties act as CTG's alter ego, but CTG had fiduciaries who breached their duty to protect its interests." First. Am. Compl. ¶ 13.

PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION TO CONSOLIDATE          PAGE 5

*Inc.),* 440 B.R. 821, 827–28 (9th Cir. BAP 2010).   None of those three factors is affected or implicated by the claims in the pre-petition action.

### B. It is judicially and economically inefficient, and prejudicial to Plaintiff, to consolidate Plaintiff's pre- and post-petition claims against Grant Thornton.

No judicial or economic efficiency will be gained by consolidating the pre-petition and post-petition actions.  Defendant's claim of "substantial overlap of facts, witnesses and documentary evidence" and that "discovery disputes and/or protective orders sough would be raised and litigated twice absent consolidation" ring hollow in the face of the limited and narrowly tailored discovery Plaintiff has propounded in this post-petition action.

For example, Plaintiff served its First Set of Requests for Production, which is narrowly tailored to seek discovery relating to the unauthorized post-petition payments to Grant Thornton identified by Plaintiff in its First Amended Complaint. Similarly, Plaintiff's First Set of Interrogatories, containing only four interrogatories, seeks to discover information limited to the post-petition payments.

Defendant seeks to consolidate the two actions for the sole purpose of delay, knowing that the pre-petition action involves more complex legal and factual issues and more parties so will likely take many months longer to resolve.  Defendant's claim that "there would be a major burden" because parties would have to answer discovery requests twice or appear for depositions twice is and baseless and ignores the efficiencies that will be gained by significantly narrowing the disputes and discovery in the post-petition action.

Defendants further ignore the substantial harm and undue prejudice that Plaintiff will suffer by preventing Plaintiff from expeditiously recovering $122,382 in unauthorized post-petition payments made to Grant Thornton by tying it to a larger and more complicated unrelated action.

### C. Defendant's Motion fails to meet the standard for reconsideration under Fed. R. Bankr. P. 9024.

Defendant effectively seeks reconsideration of this Court's previous Order that "all claims related to the post-petition payments made to defendant Grant Thornton, LLP in *Corporate Recovery Associates, as Trustee for the Liquidating Trust of Channel Technologies Group, LLC v. Blue Wolf Capital Partners, LLC, et al.* (Case No. 9:18-ap-01058-DS) are severed" and "that these newly severed claims are consolidated with *Corporate Recovery Associates, as Trustee for the Liquidating Trust of Channel Technologies Group, LLC v. Grant Thornton, LLP* (Case No. 9:19-ap-01019-DS)." *See* Pre-Petition Action, Docket No. 167. As such, the Court should review Defendant's motion under the standard for a motion for reconsideration.

Federal Rule of Bankruptcy Procedure 9024, which governs relief from a judgment or order, provides that a motion for relief from an order is governed by Federal Rule of Civil Procedure 60 ("Rule 60(b)"). Rule 60(b) provides that a court may relieve a party from an order for the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud ..., misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it

prospectively is no longer equitable; or (6) any other reason that justifies relief.

A motion for reconsideration is appropriate only where: (1) the court is presented with newly discovered evidence; (2) the court committed clear error or the initial decision was manifestly unjust; or (3) there is an intervening change in controlling law. *School Dist. No. 1J, Multnomah County, Oregon v. Acands Inc.*, 5 F.3d 1255, 1263 (9th Cir.1993).

Defendant Grant Thornton fails to provide any explanation for why the Court should reconsider its previous Order consolidating all of Plaintiff's post-petition claims against Grant Thornton in one action. It does not identify any newly discovered evidence, intervening change in the law, or error by the Court that warrants reconsideration. In fact, the Court's previous Order is not even acknowledged in Defendant's Motion. *See* Docket No. 33 (Mot.).

The Court should reject Defendant attempt to circumvent the stringent standard of review for a motion to reconsider by repackaging the same arguments in opposition to the motion to consolidate the post-petition claims in a new motion to re-consolidate those claims for discovery.

### IV.   CONCLUSION

For the reasons contained herein, Defendant Grant Thornton's Motion should be denied. Defendant's Motion is an attempt to circumvent the stringent standards of review for motion for reconsideration by re-packaging an issue decided by this Court just six months ago under the guise of a new motion to consolidate. This tactic transparently seeks to delay a speedy resolution of this action, and it should be

rejected. The question before the Court in this post-petition action is simple: Did Grant Thornton receive post-petition payments, unauthorized by this Court, from the Debtor for services Grant Thornton performed for third-party entities? The Court should look past the smoke-and-mirrors attempt by Defendant to manufacture issues of fact and law that simply do not exist in this action for the sole purpose of tying it to an unrelated matter in order to cause delay.

Dated: January 21, 2020

Respectfully submitted,

_____
Edward Jason Dennis
jdennis@lynnllp.com
Samuel B. Hardy
shardy@lynnllp.com
Christian Orozco
California State Bar No. 285723
corozco@lynnllp.com
**Lynn Pinker Cox & Hurst, LLP**
2100 Ross Avenue, Suite 2700
Dallas, Texas 75201
(214) 981-3800 - Telephone
(214) 981-3839 - Facsimile

**Special Litigation Counsel for Corporate Recovery Associates, LLC, Trustee for the Liquidating Trust of Debtor Channel Technologies Group, LLC**

# PROOF OF SERVICE

**STATE OF TEXAS, COUNTY OF DALLAS**

I am employed in the County of Dallas, State of Texas. I am over the age of 18 and not a party to the within action; my business address is 2100 Ross Avenue, Suite 2700, Dallas, Texas 75201.

On January 21, 2020, I caused the document described below as **PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION TO CONSOLIDATE PRETRIAL DISCOVERY IN ADVERSARY CASE NOS. 9:19-AP-01019 AND 9:18-AP-01058** to be served on all interested parties in this action via email:

## SEE ATTACHED SERVICE LIST

[]    **(BY MAIL)** I caused such envelope(s) fully prepaid to be placed in the United States Mail at Dallas, Texas. I am "readily familiar" with the firm's practice of collection and processing correspondence or mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid at Dallas, Texas in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

[]    **(BY OVERNIGHT-FEDERAL EXPRESS)** I caused said document(s) to be picked up by U.S. Federal Express Services for overnight delivery to the offices of the addressees listed on the Service List.

[]    **(BY PERSONAL SERVICE)** I caused to be delivered such document by hand to the above-identified recipient through the use of First Legal Attorney Service whose address is: 1517 West Beverly Boulevard, Los Angeles, CA 90026, and whose telephone number is (213) 250-1111.

[]    **(BY FACSIMILE)** I caused said document(s) to be telephonically transmitted to each addressee's telecopier (Fax) number as noted.

**[XX] (BY ELECTRONIC MAIL)** I caused said document(s) to be served via electronic transmission to each addressee's electronic mail address(es) as noted on the attached Service List.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on January 21, 2020, at Dallas, Texas.

*/s/ Emily Burch*

Emily Burch

# SERVICE LIST

**United States Bankruptcy Court
Central District of California, Northern Division
Case No. 9:16-BK-11912-DS
Adv. No. 9:19-AP-01019-DS
Our File No. 03349.801**

Ian S. Landsberg
State Bar No. 137431
ilandsberg@sklarkirsh.com
Lisa K. Skaist, Esq.
State Bar No. 130806
lskaist@sklarkirsh.com
SKLAR KIRSH, LLP
1880 Century Park East, Suite 300
Lost Angeles, California 90067
T:   310.845.6416
F:   310.929.4469
**Attorney for Defendant Grant Thornton LLP**